UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DON ARTHUR WEBSTER,

        Petitioner,        3:15-cv-00953-CL

        v.        FINDINGS AND RECOMMENDATION

WARDEN FEATHER,
FCI SHERIDAN,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is a federal inmate housed at FCI Sheridan, serving a 360 month sentence imposed by the United States District Court for the District of Alaska.

    Petitioner filed a petition pursuant to the 28 U.S.C. § 2241 "savings clause" provision seeking to vacate his sentence related to 12 counts of his conviction for sex trafficking of children by force, fraud and coercion in violation of 18

1 - FINDINGS AND RECOMMENDATION

U.S.C. § 1591(a)(1) and (b)(2), and for sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. § 1591(a)(1) and (b)(1). [18 U.S.C. § 1519 is part of the Trafficking Victims' Protection Act - "TVPA"].

Petitioner argues that he should not have been convicted of the sex trafficking charges because the §1591 statute is an "over reach of federal authority" and is not intended to reach "purely local criminal conduct." Petition (#1) at p. 8-9. The District of Alaska denied this argument on appeal and in a § 2255 motion. Petitioner argues that the Supreme Court decision in Bond v. United States, 134 S.Ct. 2077 (2014), created a "new interpretive rule" that "modified the elements" of 18 U.S.C. § 1591 allowing him to re-submit his "foreign nexus" argument for successive judicial review. Id. p. 6.

Respondent submits that the Bond decision is not applicable to this case and that petitioner's petition should be dismissed as an improper successive § 2255 petition that fails to quality for the § 2241 savings clause provision.

The lurid facts resulting in petitioner's conviction are set forth in the record and need not be repeated here. As noted above, petitioner was convicted of multiple counts of sex trafficking.[1] All of the counts alleged conduct "in and

---

[1]Petitioner was also convicted of 14 drug-related counts but does not contest those convictions in this proceeding.

2 - FINDINGS AND RECOMMENDATION

affecting interstate and foreign commerce." In charging the jury with respect to the sex trafficking counts, the court repeatedly and expressly informed the jury that the charges required proof that the defendant's conduct was "in or affecting interstate or foreign commerce."

On appeal, petitioner did not challenge the requirement that the prosecution prove that his conduct involved either interstate or foreign commerce, and the Ninth Circuit affirmed petitioner's convictions.

Petitioner filed a 28 U.S.C. § 2255 motion to vacate his sentence in the District of Alaska alleging four grounds for relief. Each of the four claims were a variation of the argument that the TVPA only be applied to crimes that involve a "foreign nexus" and that there is no such nexus for sex trafficking crimes. Exhibit 5, p. 4-5.

The sentencing court rejected petitioner's argument, holding that the TVPA requires proof of *either* a foreign commerce *or* interstate commerce nexus, but not both, and that petitioner had not challenged the evidence of interstate commerce nexus. Exhibit 5, p. 8.

Petitioner's § 2255 motion also alluded to an "actual innocence" defense, but the court found that he "made no factual showing to support an actual innocence claim." *Id.*, p. 7.

3 - FINDINGS AND RECOMMENDATION

The Ninth Circuit denied petitioner's multiple requests for a certificate of appealability. In petitioner's motion for reconsideration of order denying a certificate of appealability, petitioner made a "foreign nexus" argument based on Bond v. United States, 133 S. Ct. 978 (2013), similar to the argument he makes in this proceeding. Specifically, petitioner argued that "foreign commerce is not a factor as, the alleged offender and each person that engaged in a sex act were all national U.S. citizens residing in Alaska, and each act of the covered offense occurred in Alaska." Motion to Reconsider, United States v. Webster, Appeal No. 13-36123 (9th Cir. Ap. 28, 2014). The Ninth Circuit denied petitioner's motion for reconsideration and the United States Supreme Court denied review.

Petitioner filed the petition in this case seeking successive review of his foreign nexus argument pursuant to the "savings clause" of § 2241.

A federal inmate may challenge his sentence under two main statutes, 28 U.S.C. § 2241 and § 2255. A § 2241 petition generally challenges the *execution* of a sentence such as the "manner, location, or condition" of confinement. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Motions under § 2255 are the proper

4 - FINDINGS AND RECOMMENDATION

way to challenge the *imposition* of a sentence. Specifically, pursuant to 28 U.S.C. § 2255, a federal inmate "may move the court which imposed the sentence to vacate, set aside or correct the sentence." Generally, all "motions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. The exception to this rules arises when § 2255 is considered "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). This exception is known as the "escape hatch" or the "savings clause" provision under § 2255, and allows inmates to challenge the imposition of a sentence under § 2241. *Hernandez*, 204 F.3d at 864 n. 2.

The Ninth Circuit has held that a petitioner may not file a §2255 challenge to the legality of his sentence "disguised" as a § 2241 actual innocence claim.

The reviewing court must first conduct an analysis of whether a § 2241 escape hatch petition has been properly filed by determining if the petitioner has established: 1) that he is "actually innocent" of his convicted crimes; and 2) that he has not had an "unobstructed procedural shot" at presenting his claims to the sentencing court. *Muth v. Fondren*, 676 F.3d 815,

5 - FINDINGS AND RECOMMENDATION

819 (9th Cir. 2012) *citing Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006).

In the Ninth Circuit, "actual innocence" in the context of the § 2255 escape hatch provision, requires a petitioner to show that "in the light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Muth*, 676 F.3d at 819, 822 *citing Stephens*, 464 F.3d at 898.

Petitioner argues that he is actually innocent because the TVPA sex trafficking statute is an over reach of federal authority, and that the statute was improperly applied to him because his sex trafficking conduct was "purely local" and did not involve any foreign persons. Petition (#1) p. 8-9, 20, 22.

In the Ninth Circuit, "actual innocence" means "factual innocence, not mere legal insufficiency.' *Muth*, 676 F.3d p. 819, *citing* Bously v. United States, 523 U.S. 614, 623 (1998); Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012).

Petitioner's claim that his "purely local" child sex trafficking involving only United States citizens was improperly charged because §1591 should only apply to sex trafficking at an international level is a claim of legal insufficiency. Petitioner has not alleged any facts or

6 - FINDINGS AND RECOMMENDATION

established any evidence that he is *factually* innocent of sex trafficking.

Petitioner's reliance on *Bond* is misplaced. In that case, the Supreme Court interpreted an ambiguous chemical weapons statute implementing an international treaty, and determined the statute could not be applied to the purely local criminal conduct of a scorned wife who stole toxic chemicals and caused a minor thumb burn to her husband's lover. Unlike the chemical weapons statute in *Bond* that was implemented pursuant to the Constitution's Necessary and Proper clause, Congress enacted the clear language of the TVPA pursuant to their power to regulate under the Commerce Clause. The TVPA clearly requires the criminal conduct to be "in or affecting interstate commerce." 18 U.S.C § 1591(a). The *Bond* case is factually and legally distinguishable from the case at bar and the *Bond* decision is irrelevant to the application of § 1591 and the TVPA pursuant to the commerce clause.

The Ninth Circuit recently considered the *Bond* decision in a TVPA case and found "the TVPA clearly demonstrates Congress' intent to enact a criminal statute addressing sex trafficking at all levels of activity." United States v. Walls, 784 F.3d 543, 547 (9th Cir. 2015). The Court went on to emphasize that the human

7 - FINDINGS AND RECOMMENDATION

trafficking, particularly of women and children is a "form of modern day slavery" and that "consistent with the "outer limits of the commerce power defined in [*Gonzales v. Raich*, 545 U.S. 1, (2005)] we hold that any individual instance of conduct regulated by the TVPA need only have a *de minimis* effect on interstate commerce." *Id*. at 548.

Other courts have held that § 1591 is a valid exercise of Congress' power under the commerce clause. *See*, United States v. Evans, 476 F.3d 1176, 1177-78 (11 Cir. 2007); United States v. Campbell, 770 F.3d 556, 574 (7th Cir. 2014); United States v. Phea, 755 F.3d 255, 263 (5th Cir. 2014).

In this case, petitioner does not contest his local sex trafficking conduct, Petition (#1) p. 16, or the sentencing court's finding that the government properly "showed that [petitioner's] sex trafficking affected interstate commerce by the use of cell phones, the use of hotels that host out-of-state travelers, and the use of condoms produced outside the state.... [And] that showing was sufficient to satisfy the jurisdictional element of the TVPA violation." Exhibit 5 p. 11.

Thus, petitioner's argument does not constitute a claim of actual innocence. Rather it is purely a claim

8 - FINDINGS AND RECOMMENDATION

of legal insufficiency attacking the TVPA statute. Moreover petitioner's challenge to the statute is contradicted by substantial legal precedent.

Assuming *arguendo*, that petitioner could assert a cognizable claim of actual innocence, he has failed to establish the second prong of the escape hatch analysis because he has failed to show that his previous §2255 motions were obstructed, inadequate or ineffective.

Petitioner has failed to allege any facts that would tend to demonstrate that his previous §2255 motions did not constitute a "clear procedural shot" at presenting his claim or that the sentencing court inadequately addressed his claims. Petitioner's claim in this case is based upon the argument that the *Bond* case "created a new interpretive rule" that "modified the elements of 18 U.S.C. § 1591." As explained above, the *Bond* decision did no such thing and has no relevance to this case.

Petitioner has already presented multiple variations of his "foreign nexus" argument to the sentencing court in a denied § 2255 motion, and the Ninth Circuit which denied petitioner's request for a certificate of appealability. Petitioner is attempting to re-litigate the legality of his sex trafficking convictions through §2241 escape hatch jurisdiction using a new twist on the

9 - FINDINGS AND RECOMMENDATION

same "foreign nexus" argument that was decided adversely to him in his previous §2255 petition.

However, petitioner has not shown that he is actually innocent or that his previous § 2255 proceedings were obstructed, inadequate, or ineffective. Therefor petitioner has failed to establish either requirement for §2241 escape hatch jurisdiction and his Petition (#1) should be denied and this action should be dismissed for lack of jurisdiction.

The Clerk of the court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u>

10 - FINDINGS AND RECOMMENDATION

consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or
judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 10 day of August, 2016.

Mark D. Clarke
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION